UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-26018-ALTMAN

PUTU YUDI HERMAWAN,

    *Plaintiff*,

*v.*

SP CRUISES CREWCO LTD., *et. al.*,

    *Defendants.*

_____/

## ORDER GRANTING MOTION TO REMAND TO STATE COURT

The Defendants removed a state-court action to this Court, invoking federal-question jurisdiction. Our Plaintiff now moves to remand the case to state court. After careful review, we **GRANT** the motion.

### THE FACTS

In November 2025, our Plaintiff sued the Defendants in state court for "injuries sustained while employed aboard Defendants' vessel *Azamara Onward*." State Court Complaint [ECF No. 1-3] at 1; *see also id.* at 3 ("Plaintiff was hired to serve as a bar server aboard the vessel Azamara Onward."). In December 2025, the Defendants removed the action to this Court, explaining that they "will be moving to compel arbitration of Plaintiff's claims under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the 'New York Convention')." Notice of Removal [ECF No. 1] at 1 (citations omitted); *see also* 9 U.S.C. §§ 201–08.[1] A week later, the Defendants filed a Motion

---

[1] "In 1958, the United Nations Economic and Social Council adopted the [New York] Convention." *Cosgun v. Seabourn Cruise Line Ltd. Inc.*, 666 F. Supp. 3d 1270, 1278 (S.D. Fla. 2023) (Altman, J.); *see also* 21 U.S.T. 2517, 330 U.N.T.S. 3. "The New York Convention is a multilateral treaty that addresses international arbitration." *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432, 438 (2020). "In 1970, the United States acceded to the New York Convention, and Congress enacted implementing legislation in Chapter 2 of the [Federal Arbitration

to Compel Arbitration and to Stay Proceedings [ECF No. 5]. In January 2026, however, our Plaintiff moved to remand the case to state court, arguing that "[f]ederal question jurisdiction is lacking." Motion to Remand (the "Motion") [ECF No. 14] at 2.

## THE LAW

"Section 1441(a), the general removal statute, permits the defendant or the defendants in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (quotation marks omitted). "[T]he statute provides two bases for remand: (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing of the notice of removal." *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025). "Because removal is only permissible when [a] plaintiff's claim could have been filed in federal court originally, we must look to [the] plaintiff's claim to determine whether removal was appropriate." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Defendants "may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) (cleaned up). "[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court . . . even though a possible defense might involve a federal question." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003).

## ANALYSIS

In removing this case to federal court, the Defendants argue that the "Plaintiff had an employment agreement . . . that incorporates the terms of the Norwegian Seafarers' Union's

---

Act]" ("FAA"). *Id.* at 439. Accordingly, "the FAA tells us *which* kinds of cases fall under the Convention—and thus trigger the original jurisdiction of federal district courts." *Cosgun*, 666 F. Supp. 3d at 1279–80; *see also id.* at 1280 ("[A]ll *commercial* arbitration agreements involving *at least one foreign party* fall under the Convention." (cleaned up)).

Collective Bargaining Agreement [('CBA')] with Defendants," which itself "contains an arbitration provision that covers the claims raised here." Notice of Removal at 3. The Defendants appended a copy of that employment agreement (the "Agreement") to their Notice of Removal. *See* Agreement [ECF No. 1-1]. And that Agreement in fact specifies that its "terms and conditions . . . are in accordance with and subject to the . . . [CBA]," "[i]ssued 01-07-2022." Agreement at 1. But, as the Plaintiff points out, "[t]he Notice of Removal . . . does not attach" the 2022 CBA "as an exhibit or even refer to it," but "instead attaches a *different* collective bargaining agreement"—a 2024 version of the CBA, which "contains the arbitration provisions upon which [the] Defendants base removal." Mot. at 2 (emphasis added). In other words, our Plaintiff argues, the "Defendants' Notice of Removal and . . . motion to compel arbitration are improperly grounded on arbitration provisions incorporated by a different employment contract for work aboard a different vessel, covering a different employment period, with different terms and conditions of service." *Ibid.* Our Plaintiff thus concludes that "there is no basis for removal. . . because the arbitration provisions [the] Defendants seek to enforce are inapplicable." *Ibid.*; *see also id.* at 4 ("[T]he *Azamara Onward* employment contract does not incorporate [the 2024] CBA . . . or otherwise reference it; the *Azamara Onward* Employment Contract incorporates a different collective bargaining agreement which Defendants elected not to include in their removal papers.").

"[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). That "presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Ibid.* Here, the Plaintiff has credibly challenged our subject-matter jurisdiction. *See* Mot. at 3 ("This case should be remanded to the Florida circuit court where it was originally filed because no valid basis exists for compelling arbitration under

the New York Convention."). Because a federal court is "powerless" to act without subject-matter jurisdiction, we cannot ignore that challenge. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quotation marks omitted).[2]

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1995). And we cannot "satisfy" ourselves of "our own jurisdiction" here. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). So, since "we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand," we must remand this action to state court. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Motion to Remand [ECF No. 14] is **GRANTED**. This action is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. All hearings and deadlines are **TERMINATED**, and all other pending motions—including the Defendant's Motion to Compel Arbitration and Stay Proceedings [ECF No. 5]—are **DENIED as MOOT**.

---

[2] The Plaintiff (it's true) never makes clear whether the 2022 CBA incorporates the relevant arbitration provision. In fact, he suggests that even the 2022 CBA may not have been binding. *See* Mot. at 2 (arguing that the 2022 CBA "had already expired before Plaintiff was hired and before he was injured"). But that's of no moment here. What matters for our purposes is whether the Notice of Removal establishes our federal-question jurisdiction. And, on the record before us, the Defendants cannot rely on the New York Convention as a jurisdictional hook.

3.  The Clerk of Court shall **CLOSE** the case.

        **DONE AND ORDERED** in the Southern District of Florida on January 29, 2026.

                                       _____

                                       **ROY K. ALTMAN**
                                       **UNITED STATES DISTRICT JUDGE**

cc: counsel of record